

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY LORENZO WILLIAMS,      )
                               )
            Plaintiff,         )
v.                             )   Civil Action No. 1:21-cv-00710 (UNA)
                               )
UNITED STATES OF AMERICA, *et al.*,  )
                               )
                               )
            Defendants.        )

# MEMORANDUM OPINION

Before the Court is the plaintiff's complaint, Dkt. 1 ("Compl."), and application for leave to proceed *in forma pauperis*, Dkt. 2. The Court will grant the plaintiff's *in forma pauperis* application and dismiss the case because the plaintiff has failed to establish subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that it lacks subject matter jurisdiction).

The plaintiff, a resident of Wilmington, North Carolina, sues the United States and President Trump based on the attack on the United States Capitol that took place on January 6, 2021. *See* Compl. at 1, 2, 6–11. He alleges that the defendants "unlawfully, willingly, and intentionally did in fact [commit] a gross abuse of power . . . and authority [by] command[ing] a group of rioters to attack[.]" *Id.* at 3. He further alleges that defendants committed large-scale discrimination and otherwise violated the Constitution, various statutes, and tenets of common law, *see id.* at 1–4, 8, 11–13, and he seeks damages and injunctive relief, *see id.* at 14.

Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing

is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In order to satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted). Importantly, where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Here, the plaintiff has failed to establish standing because the complaint plainly raises a generalized grievance, and the plaintiff provides no support for any specific injury that is concrete and particularized to himself. *See generally* Compl.; *see also, e.g., id.* at 7 (asserting that there is an "impending present and future danger of threatened injury" to plaintiff because there is a "likely probability" that someone like President Trump "could be elected"). Consequently, this case will be dismissed without prejudice for lack of subject matter jurisdiction, and the plaintiff's motion for appointment of counsel, Dkt. 3, will be denied as moot. A separate order accompanies this memorandum opinion.

Date: June 30, 2021

_____
DABNEY L. FRIEDRICH
United States District Judge